**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 09-21400 CIV-HUCK/O'SULLIVAN**

RAFAEL ABOY, Individually and as
Assignee of Christina Garcia and
Jamie A. Garcia,

       Plaintiff,

vs.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

       Defendant.

_____/

_____ **REPORT AND RECOMMENDATION**

THIS MATTER comes before the Court on the Defendant, State Farm Mutual

Automobile Insurance Company's Amended Motion for Bill of Costs (DE # 58, 2/11/10).

This matter was referred to United States Magistrate Judge John J. O'Sullivan by the

Honorable Paul Huck, United States District Court Judge for the Southern District of

Florida, pursuant to 28 U.S.C. § 636(b).   Having carefully reviewed the filings and

applicable law, the undersigned recommends that the aforementioned motion be

GRANTED in part and DENIED in part in accordance with the following Report and

Recommendation.

**BACKGROUND**

The plaintiff filed this lawsuit against the defendant on May 22, 2009, alleging

that the defendant acted in bad faith when handling the claims that arose out of an

automobile accident (DE # 1, 5/22/10).  On January 4, 2010, the District Court issued a

"Final Judgment Order" (DE  # 46, 1/5/10[1]) granting a Summary Judgment in favor of the

defendant.  The defendant filed a Motion for Bill of Costs on January 15, 2010, (DE #

50) and an Amended Motion for Bill of Costs for a reduced amount on February 11,

2010 (DE # 58).  The plaintiff filed a response to the Amended Bill of Costs on March 1,

2010 (DE # 61).   The defendant filed a reply on March 11, 2010 (DE # 62).

## ANALYSIS

### I. Request to Stay the Motion for Costs

The plaintiff requests that the Court stay taxation and/or collection of costs

pending resolution of the Appeal (DE # 52, 1/22/10) of Order on Cross-Motions for

Summary Judgment (DE # 48, 1/5/10), Final Judgment (DE # 46, 1/5/10), and Order

denying Plaintiff's Appeal of the Magistrate's Order (DE # 49, 1/6/10). The filing of a

notice of appeal "may not divest the district court of jurisdiction over collateral matters

not affecting the question presented on appeal."   Doe v. Bush, 261 F.3d 1037, 1064

(11th Cir. 2001).  Furthermore, "[i]t is well settled in this circuit that costs may be taxed

after a notice of appeal has been filed."  Rothenberg v. Security Management Co., Inc.,

677 F.2d 64, 64 (11th Cir. 1982). The undersigned finds that there is no reason to stay

the Motion for Costs.

### II. Timeliness of the Motion

In the Response to Amended Bill of Costs (DE # 61, 3/1/10), the plaintiff claims

---

[1] Although the Final Judgment was signed by the Judge on January 4, 2010, it
was not entered into the Docket until January 5, 2010.

that the defendant's filing of the motion was untimely.  Pursuant to Local Rule 7.3(C) of

the United States District Court for Southern District of Florida, a bill of costs pursuant to

28 U.S.C. § 1920 shall be filed and served within thirty (30) days of the entry of the final

judgment.  This Court entered the Final Judgment in favor of the defendant on January

5, 2010, (DE # 46) and the defendant filed a Motion for Bill of Costs on January 15,

2010 (DE # 50).  After the plaintiff objected to the Bill of Costs, the defendant filed a

reply (DE # 57, 2/11/10) conceding to certain errors in the original Bill of Costs, and

simultaneously filed the Amended Motion for Bill of Costs (DE # 58, 2/11/10) for a

reduced amount of costs.   The filing of the original Motion was timely and the filing of

the Amended Motion caused no prejudice to the plaintiff.  Furthermore, even if the

Amended Motion was filed untimely and without seeking leave to file, this Court would

have granted the extension and given permission to file the Amended Motion in the

interest of justice.  The undersigned finds that the Bill of Costs was filed timely.

### III. Bill of Costs

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other

than attorneys' fees shall be allowed as of course to the prevailing party unless the court

otherwise directs."  FED.R.CIV.PRO. 54(d)(1).  "A 'prevailing party' for purposes of Rule

54(d), is a party in whose favor judgment is rendered . . . this means the party who won

at trial level, whether or not that party prevailed on all issues, and regardless of the

amount of damages awarded."   See All West Supply Co. v. Hill's Pet Prods. Div.,

Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994).   The defendant

prevailed in the case at bar and,  therefore, is entitled to receive all costs recoverable

under 28 U.S.C. § 1920.   A court may only tax those costs which are specifically authorized by statute. See  Crawford Fitting Co.  v.  J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987).

A judge or clerk of any of court the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under § 1923 of this title

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

28 U.S.C. § 1920.   In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs.   However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  See EEOC v. W&O, Inc., 213 F.3d 600, 620 (11th Cir.  2000).

The undersigned recommends the following costs be awarded:

1.      Fees for Service of Subpoenas

The undersigned recommends that the defendant be awarded the following costs and expenses associated with fees for service of summons and subpoenas.   The defendant seeks reimbursement in the amount of  $778.00  which may be recovered under 28 U.S.C. § 1920(1). The plaintiff objects to costs associated with service of the subpoena upon Maria Rodriguez who was an employee of the defendant.  Ms. Rodriguez was called as a witness at trial, and, thus, the cost associated with the service of subpoena on Ms. Rodriguez is a reasonable taxable cost under § 1920(1).

The plaintiff objects to the costs associated with the second set of subpoenas served on Mr. Shaked, Mr. Spellacy and Mr. Biondo.  The defendant had previously subpoenaed these individuals on December 28, 2009, to appear at trial for the two-week period commencing January 11, 2010, (DE # 5, 6/30/09). The trial was rescheduled for the two-week period commencing February 1, 2010, (DE # 44, 12/23/09) at the request of the defendant. The plaintiff argues that the defendant is not entitled to recover the costs for serving additional subpoenas on these individuals. The need to reschedule the trial date arose due to one of the defendant's corporate representatives being unavailable for trial on the original trial date, due to a vacation. In the Motion for Continuance of Trial (DE # 36, 12/22/09) the defendant conceded that the mistake was a result of a miscommunication between the defendant and its counsel.   The $105.00 cost associated with re-serving the subpoenas upon Mr. Spellacy, Mr. Shaked, and Mr. Biondo should not be charged against the plaintiff.

In accordance with the foregoing the undersigned recommends that the defendant be awarded *$673.00* for expenses associated with the service of summons

and subpoenas.

2.    Fees of the Court Reporter

The defendant requests $2,234.40 for the costs associated with printed and electronically recorded transcripts necessarily obtained for use in this case.   28 U.S.C. § 1920(2) states that a judge or clerk or any court of the United States may tax as costs "the fees for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920(2). The plaintiff does not object to these costs and does not argue that the defendant is not entitled to recover these costs.  These costs are reasonable and permitted under the statute.  The undersigned recommends that the defendant be awarded the total costs associated with fees for the court reporter in the amount of *$2,234.40*.

3.    Fees for Exemplification

The defendant requests reimbursement in the amount of $742.99 for fees associated with exemplification.  28 U.S.C. § 1920(4) allows for recovery of  "fees for exemplification and the costs of making copies of any materials where the copies necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

The plaintiff objects to the costs associated with color copies of photographs from the claims file for the total amount of $35.00.  The plaintiff argues that the property damage captured in the photographs was not at issue in the lawsuit.  The photographs were a part of the original claims file, were necessary at the time they were copied and one of the photographs was utilized during a deposition of a witness. In the alternative, the plaintiff requests that the costs be lowered to a reasonable amount per copy. The

6

undersigned finds that the cost of 70 copies at $0.50 per page for a total of $35.00 for color copies is a reasonable amount.  See Curry v. Sgt. D. Montgomery., No. 07-22899, 2010 U.S. Dist. Lexis 21102 at *18 (S.D. Fla. Feb. 9, 2010) (allowing the costs of 6 copies of photographs for a total of $7.50).

The plaintiff objects to the charges associated with photocopying of the claims file and reports for Tom Hansen pursuant to the defendant's litigation guidelines.  Pursuant to 28 U.S.C. § 1920(4), the costs of making copies are taxable "where the copies are necessarily obtained for the use in the case." 28 U.S.C.  § 1920(4).  "In evaluating copying costs, the court should consider whether the prevailing party could have reasonably believed that it was necessary to copy the papers at issue."  EEOC v. W&O, Inc., 213 F.3d 600, 623 (11th Cir.  2000).  Copies made for the general convenience of counsel or copies of documents already possessed by the prevailing party's counsel are not recoverable.  Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996).   The claims file documents were already in possession of the defendant.  The undersigned finds that the cost of 1,599 copies at $0.01 per page for a total of $15.99 should not be charged against the plaintiff.

Finally, the defendant seeks to recover $692.00 for copies of records requested from Mr. Spellacy.  The plaintiff objects to these costs on two grounds.  First, the plaintiff alleges that Mr. Spellacy was retained by the defendant, and, therefore, the defendant cannot seek the recovery of these costs, because the party already possessed the original documents.  Mr. Spellacy was not retained by the defendant.  Rather, Mr. Spellacy was retained as defense counsel for Christian Garcia and Jamie Garcia.  Also,

7

the production of the subject records was compelled by the defendant via the service of a subpoena duces tecum on Mr. Spellacy.  Second, the plaintiff objects to the charge of $0.17 per copy as unreasonable. The undersigned finds that $0.17 per page is within a reasonable rate.  See James v. Wash Depot Holdings, Inc., 242 F.R.D. 645, 651-652 (S.D. Fla. 2007) (holding that rates may vary from $0.10 to $0.25 per page and pointing out that the in-house rate should be approximated to the local outside vendors).  The copying in this case was conducted by a local outside vendor.  The undesigned finds that the defendant is entitled to the entire amount of $692.00.

The undersigned concludes that the requested photocopy costs were necessarily incurred during the course of the litigation.  The undersigned recommends that the defendant be awarded ***$727.00*** for costs and expenses associated with photocopies.

## RECOMMENDATION

In accordance with the above and foregoing, it is hereby

**RESPECTFULLY RECOMMENDED** that the defendant be awarded **$3,634.40** in costs.   The parties have fourteen (14) days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the Honorable Paul Huck, United States District Court Judge.   Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  See LoConte v. Dugger, 847 F. 2d 745 (11th Cir. 1988), cert. denied, 488 U.S. 958, 109 S.Ct. 397 (1988); See also RTC v. Hallmark Builders, Inc., 996 F. 2d 1144,

1149 (11th Cir. 1993).

      RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida

this 25th day of May, 2010.    _____

                               _____
                               JOHN J. O'SULLIVAN
                               UNITED STATES MAGISTRATE JUDGE

Copies provided to:

United States District Judge Huck
All Counsel of Record

9